CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 05, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD MACE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>AMANDA MCDONALD WISELY, et al., )<br>    Defendants. ) | Case No. 7:23-cv-00747<br><br>By: Michael F. Urbanski<br>Senior United States District Judge |

## MEMORANDUM OPINION

Donald Mace, a former inmate proceeding pro se, filed this civil action against Amanda Wisely and Timothy Carter, asserting claims under 42 U.S.C. § 1983 and Virginia law. The case is presently before the court on the defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), ECF Nos. 14 and 19; Mace's motions to amend his claims against Wisely, ECF Nos. 37, 39, and 46; and Mace's motion to subpoena phone records, ECF No. 36. For the reasons that follow, the defendants' motions to dismiss are **GRANTED**, Mace's motions to amend are **DENIED** as futile, and Mace's motion to subpoena phone records is **DENIED** as moot.

### I. Background

The events giving rise to this action occurred in Shenandoah County, Virginia. Compl., ECF No. 1, at 2. Carter is the Sheriff of Shenandoah County, and Wisely previously served as the Shenandoah County Commonwealth's Attorney.

According to the complaint, a deputy was called to Mace's residence on November 5, 2021, as a result of a verbal dispute, and the deputy was informed about an injured dog at the residence. Id. at 6. On November 8, 2021, another deputy was dispatched to the residence for

"a pit bull incident," and someone "accused [Mace] of killing the animal after a serious attack on another tenant." Id. Mace alleges that he was "not on the property" at that time. Id.

On November 9, 2021, "[a] protective order was posted against Mace," even though other tenants at his residence informed officers that he was "no threat to anyone." Id. (internal quotation marks omitted). Two days later, Mace turned himself in after learning that a warrant had been issued for his arrest. Id. State court records available online indicate that Mace was charged with felony cruelty to an animal resulting in death, in violation of Virginia Code § 3.2-6570, and discharging a firearm within a building, in violation of Virginia Code § 18.2-279.* Mace alleges that he was "released that day on his own recognizance to return to his residence." Id.

On November 18, 2021, Mace complained to the Sheriff's Department about three pit bulls at his residence that were owned by another tenant. Id. at 7. Mace alleges that nothing was done to assist him and that an officer instead focused on the fact that a dead dog had been discovered at the property. Id.

On December 2, 2021, Mace reported that his belongings were being burned in the backyard at the residence. Id. Although the fire marshal "found the claims to be true, . . . warrants were denied on Mace's behalf." Id.

On March 23, 2022, Mace "report[ed] to the sheriff" that his belongings were being sold on Facebook by another tenant. Id. When the tenant was questioned, she replied that she was "only posting things to get a rise out of [Mace]." Id. (internal quotation marks omitted). Mace alleges that "nothing was done" in response to his complaint. Id. Similarly, on March 24, 2022,

---

* See Commonwealth v. Mace, Nos. CR22000203, CR22000204 (Shenandoah Cnty. Cir. Ct.), available at https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (last visited Nov. 5, 2024).

Mace's property manager reported that Mace's property was being taken by other tenants, but "officers never questioned them." Id. at 7–8.

Wisely initially represented the Commonwealth in the criminal cases brought against Mace in the Circuit Court of Shenandoah County. Mace alleges that Wisely stated during a court proceeding that she would "bury his ass" and that he would "never see daylight again." Id. at 8 (internal quotation marks omitted). He also alleges that Wisely "allowed her assistant to listen to jail phone call recordings during social events" and that Wisely "slandered [his] name and character in [a] local newspaper on several occasions." Id. at 8–9.

During a proceeding in the criminal cases on December 20, 2022, Wisely requested to have a special prosecutor appointed to replace her. Pl.'s Add. Evid., ECF No. 25, at 7. Wisely advised the presiding judge that Mace recently had been arrested on new charges and that his recorded jail calls included discussions about having someone physically harm her. Id. Wisely also reported threats directed at her family. Id. at 8–9. The judge granted Wisely's motion to withdraw from the cases and her request for appointment of a special prosecutor. Id. at 10.

On January 6, 2023, a local newspaper published an article on the animal cruelty case. The article noted that Wisely "had [a special prosecutor] appointed . . . after she said Mace made threats against her and her family, according to court documents." Id. at 13.

The charges arising from the pit bull's death were dismissed as of November 5, 2023. Compl. 9. Mace remained incarcerated for a probation violation in another jurisdiction at the time he filed this action on November 16, 2023. Id. at 4.

In his original complaint, Mace claims that the defendants engaged in "cruel [and] unusual punishment" in violation of the Eighth Amendment by having him arrested on charges

3

that were ultimately dismissed. Id. He also references an unspecified "[d]ue process violation" and his "right to equal protection." Id. at 5. Additionally, Mace asserts that Wisely "maliciously abused . . . her office" in prosecuting him and that she defamed him. Id. at 5, 9. He seeks to recover monetary damages for mental anguish. Id. at 3.

In the pending motions to amend, Mace alleges that his defense attorney requested evidence from Wisely that she did not produce. ECF No. 37 at 1. He seeks to amend his claim of malicious prosecution against Wisely to include additional evidence establishing that the charges at issue were dismissed on October 17, 2023. ECF No. 39 at 1; see also ECF No. 39-1 at 1. He also seeks to amend his claim of defamation to allege that Wisely falsely accused him "in open court . . . of 'threatening her and her family.'" ECF No. 46 at 1.

## II.     Standards of Review

Carter and Wisely have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Pursuant to this provision, a party may seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Similarly, under the Prison Litigation Reform Act, the court may dismiss any portion of a complaint filed by a prisoner against a governmental officer that "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A plaintiff is not entitled to discovery before a complaint can be dismissed for failure to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

To survive dismissal for failure to state a claim, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal,

4

556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While "detailed factual allegations" are not required, "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also SAS Assocs. 1, LLC v. City Council for the City of Chesapeake, 91 F.4th 715, 723 (4th Cir. 2024) (emphasizing that "conclusory statements devoid of plausibility are not enough to survive a Rule 12(b)(6) motion").

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading with the court's leave and that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts may deny leave to amend a pleading if the proposed amendments would be futile. Save Our Sound OBX, Inc. v. N.C. DOT, 914 F.3d 213, 228 (4th Cir. 2019). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face . . . [or] if the claim it presents would not survive a motion to dismiss." Id. (internal quotation marks and citations omitted). "When assessing whether a proposed amendment would be futile, courts apply the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cohen v. Gruber, 855 F. App'x 139, 140 (4th Cir. 2021) (citing U.S. ex rel. Ahumada v. NISH, 756 F.3d 268, 274 (4th Cir. 2014)).

Pleadings filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se pleading "must still 'state a claim to relief that is plausible on its face.'" Sakyi v.

5

Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

#### A. Claims under Section 1983

Mace initiated this action by filing a form complaint under 42 U.S.C. § 1983. Section 1983 imposes liability of any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

##### 1. Mace has no viable Eighth Amendment claim.

Moss claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. It is well settled that the Eighth Amendment's "proscription against cruel and unusual punishment . . . was designed to protect those convicted of crimes." Ingraham v. Wright, 430 U.S. 651, 664 (1977). Because Moss acknowledges that the criminal charges at issue in this case were "dropped," Compl. 4, he has no viable Eighth Amendment claim based on the facts alleged.

##### 2. Mace fails to state a claim under the Fourteenth Amendment.

Mace's complaint refers to an unspecified due process violation and to his right to equal protection. See Compl. 5 ("Due process violation—must not deny anyone the right to equal protection of the laws nor should they discriminate and or violate rules [and] laws."). These conclusory assertions are insufficient to state a claim upon which relief may be granted. See

Iqbal, 556 U.S. at 678; see also Vista-Graphics, Inc. v. Virginia Dep't of Transp., 682 F. App'x 231, 237 (4th Cir. 2017) (concluding that a passing reference to the Equal Protection Clause was insufficient to state a claim).

### 3. Mace has no viable claim for failure to investigate complaints.

To the extent that Mace alleges that Carter failed to investigate his complaints of property being taken or sold by other tenants without his consent, such allegations fail to state a claim upon which relief may be granted. "[T]here is no independent constitutional right to investigation of a third party." Gilliam v. Sealey, 932 F.3d 216, 240 (4th Cir. 2019). Likewise, there is no constitutional right "as a member of the public at large and as a victim to have [individuals] criminally prosecuted." Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988). Accordingly, Mace's complaint fails to state a plausible claim for relief under § 1983 arising from Carter's alleged failure to investigate his complaints.

### 4. Mace fails to state a claim against Carter arising from his arrest and prosecution.

Mace does not allege facts from which the court could reasonably infer that Carter was personally involved in his arrest or prosecution. To the extent that Mace seeks to hold Carter liable in his supervisory capacity as the Shenandoah County Sheriff, his complaint fails to state a claim upon which relief may be granted.

It is well established that a supervisory government official cannot be held liable under § 1983 for the actions of his subordinates solely on the basis of respondeat superior or vicarious liability. See Iqbal, 556 U.S. at 676 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the

7

Constitution." Id. In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id. at 677. Thus, to the extent that Mace seeks to hold Carter vicariously liable for the actions of deputies responsible for his alleged injuries, his complaint fails to state a claim upon which relief may be granted.

Mace's allegations are also insufficient to satisfy the three-factor test for supervisory liability set forth in Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). "That test asks (1) whether 'the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury'; (2) whether 'the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) whether 'there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.'" Younger v. Crowder, 79 F.4th 373, 384 n.16 (4th Cir. 2023) (quoting Shaw, 13 F.3d at 799). To satisfy the first element, a plaintiff must show that "the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014) (internal quotation marks omitted). "As to the second element, a plaintiff may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses." Id. (internal quotation marks omitted). Finally, as to the third element, "[c]ausation is established when the plaintiff demonstrates an affirmative causal link between the supervisor's inaction and the harm suffered by the plaintiff." Shaw, 13 F.3d at 799 (internal quotation marks omitted).

Mace has not alleged facts sufficient to support each of these elements. His conclusory allegations against Carter fail to state a cognizable claim of supervisory liability under § 1983. See King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (holding that a plaintiff's "boilerplate" allegations against supervisory officials did not state a claim for relief); Hoffman v. Office of the State Atty., 793 Fed. Appx. 945, 954 (11th Cir. 2019) ("Because the plaintiffs' claims of supervisory liability are supported by conclusory allegations, the complaint does not contain sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### 5.  Wisely is entitled to absolute prosecutorial immunity.

"It is well settled that prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are absolutely immune from civil suit." Safar v. Tingle, 859 F.3d 241, 248 (4th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity." Savage v. Maryland, 896 F.3d 260, 268 (4th Cir. 2018) (citing Imbler, 424 U.S. at 430–31). "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, decides to seek an arrest warrant, prepares and files charging documents, participates in a probable cause hearing, and presents evidence at trial." Nero v. Mosby, 890 F.3d 106, 118 (4th Cir. 2018) (internal citations omitted). Likewise, "the failure to disclose exculpatory evidence while a criminal proceeding is pending is an 'advocative' function protected by absolute immunity." Annappareddy v. Pascale, 996 F.3d 120, 141 (4th Cir. 2021).

In his original complaint, Mace claims that Wisely maliciously prosecuted him. In his motions to amend, Mace alleges that Wisely had insufficient evidence to prosecute him and that she withheld evidence from his defense attorney. Because these claims pertain to actions taken in an "advocative capacity," they are "barred by absolute prosecutorial immunity." Id.; see also Nero, 890 F.3d at 119 ("At bottom, the Officers take issue with Mosby's decision to prosecute them and her role in preparing charging documents . . . . These claims are barred by settled Supreme Court and circuit precedent . . . . [A decision to file charges] is absolutely immune regardless of its motivation."); Archer v. Chisholm, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause.") (citing Imbler, 424 U.S. at 427). Consequently, Wisely's motion to dismiss will be granted with respect to the claim of malicious prosecution asserted in the original complaint, and Mace's motions to amend the complaint to include allegations of insufficient evidence and failure to disclose evidence will be denied as futile.

### 6. Mace fails to state a claim related to his recorded jail calls.

To the extent that Mace seeks to hold Wisely liable under § 1983 for listening to his jail phone calls, his complaint fails to state a claim upon which relief may be granted. In short, Mace does not plausibly allege that he had a reasonable expectation of privacy in the telephone calls that he made while incarcerated at a local jail. See, e.g., United States v. Gangi, (10th Cir. 2003) ("Even if defendant reasonably believed his calls were private and protected by the Fourth Amendment, 'no prisoner should reasonably expect privacy in his outbound telephone calls.'") (internal quotation marks omitted); United States v. Van Poyck, 77 F.3d 285, 291 (9th Cir. 1996)

("We hold that any expectation of privacy in outbound calls from prison is not objectively reasonable and that the Fourth Amendment is therefore not triggered by the routine taping of such calls."); United States v. Ramsey, 786 F. Supp. 2d 1123, 1126 (E.D. Va. 2011) ("Because prisons routinely monitor inmate conversations, Ramsey's conversations with his wife were not confidential.").

      B.      **Claim for Defamation under Virginia Law**

In his original complaint, Mace alleges that Wisely "slandered [his] name and character in [the] local newspaper on several occasions." Compl. 9. To the extent that Mace seeks to hold Wisely liable for defamation under Virginia law, such a conclusory statement is insufficient to withstand dismissal under Rule 12(b)(6). See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In one of his motions to amend, Mace alleges that "Wisely accused [him] of a crime in open court that [he] was not guilty of"—specifically, "threatening her and her family." ECF No. 46 at 1 (internal quotation marks omitted). Mace asserts that the "false accusations" are contained in a transcript that he "already submitted as evidence to the defamation claim." Id. In Virginia, "it is well settled that words spoken or written in a judicial proceeding that are relevant and pertinent to the matter under inquiry are absolutely privileged against actions on the basis of defamation." Mansfield v. Bernabei, 284 Va. 116, 121, 727 S.E.2d 69, 73 (Va. 2012) (internal quotation marks omitted). For this absolute privilege to attach, "the communications at issue must be material, relevant or pertinent to the issues of the judicial proceeding." Id. (internal quotation marks omitted). Here, the cited transcript reveals that Wisely reported that Mace had threatened her and her family during the course of a judicial proceeding in which she

11

asked to be removed from Mace's criminal cases and replaced with a special prosecutor. <u>See</u> ECF No. 25 at 7–10. Because Wisely's statements to the presiding judge were plainly relevant to the issue raised at the proceeding, they are protected by the absolute privilege and thus cannot form the basis of a defamation claim. Accordingly, Mace's motion to amend the complaint to include such statements will be denied as futile.

## IV. Conclusion

For the reasons stated, the motions to dismiss filed by Carter and Wisely, ECF Nos. 14 and 19, are **GRANTED**, and Mace's motions to amend, ECF Nos. 37, 39, and 46, are **DENIED** as futile. In light of the court's rulings, Mace's motion to subpoena phone records, ECF No. 36, is **DENIED** as moot.

An appropriate order will be entered.

Entered: November 5, 2024

Mike Urbanski
Senior U.S.District Judge
2024.11.05 15:06:19
-05'00'

Michael F. Urbanski
Senior United States District Judge